

FILED

MAR 3 1 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARTIN MARTINEZ<br>Plaintiff | §<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 4:25CV331 JCB/JDL |
| VS. | §<br>§ | JURY TRIAL IS HEREBY |
| WALMART ASSOCIATES INC.,<br>WAL-MART STORES, INC., and<br>SAM'S WEST INC. d/b/a SAM'S<br>CLUB<br>Defendants | §<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW,  Plaintiff, MARTIN MARTINEZ and makes and files this his Original

Complaint, complaining of Defendants WAL-MART STORES, INC and WAL-MART STORES

TEXAS, LLC, and for causes of action would show unto the Court as follows:

### I.    INTRODUCTION

1.0    Plaintiff was assaulted in the workplace by another employee.  Instead of the

employee that committed criminal assault on Plaintiff getting suspended, reprimanded, written

up or disciplined, Wal-Mart sanctioned and ratified his conduct choosing to rather punish

Plaintiff.  The crux of this lawsuit and all matters complained of by Plaintiff and Wal-Mart's

anticipated defenses and version of events all stem from the assault and the date of the assault

like a tree growing from a root.

1.1    Manifest destiny, one in million odds of survival. Plaintiff Martin Martinez a

victim blessed with the strength and luck to unfold the disturbing reality at 8235 Sams

Distribution. Enduring a terrible fate predicted months in advance but unstoppable by every

procedure available. A victim of Wrongful termination( violation of fmla) but even forced

resignation. Discrimination by disparity treatment , unrealistic demands , income, indirect and direct assaults. Promoted as inferior daily, warehouse public enemy to the specific 8235 in my last year of employment (4th).

## II.    GENERAL ALLEGATIONS

2.0    Plaintiff asserts that Wal-Mart ratified another employee's criminal assault on Plaintiff by refusing and failing to take any meaningful or appropriate action against the employee, Kendrick Day, Wal-Mart employee ID KDD0008 ("Kendrick") who committed the crime of assault on Plaintiff.

2.1.    Plaintiff further asserts that Plaintiff was forced to work side-by-side with Kendrick creating a hostile work environment and causing and forcing Plaintiff to take a leave of absence.  Plaintiff took such a leave of absence due to suffering from mental distress and anxiety and fear for his safety and depression and embarrassment for being forced to work with Kendrick.  While on leave, Plaintiff was fired.

2.2.    Furthermore, Plaintiff asserts that because of his ethnicity, he was discriminated against.

2.3.    Jurisdiction is based in part upon 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b).

2.4.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of Texas because the acts or omissions that form the basis of Plaintiff's claims occurred in Denton County, Texas.

## III.
## PARTIES

3.0    Plaintiff realleges all foregoing paragraphs of this Complaint and incorporates the same by reference as if fully set forth herein.

3.1    At all times relevant to this Complaint, Plaintiff was an individual residing in Dallas County, Texas and working at the Sam's Club Distribution Center in Sanger, Texas, Denton County, Texas.

3.2.    Wal-Mart Stores Inc. is the nationally known retailer and largest employer in the world. According to Plaintiff's tax records to include 1095-C and W2, Plaintiff was an employee of Wal-Mart Associates, Inc.  Wal-Mart Associates, Inc. is one of the companies under the Wal-Mart Stores, Inc. umbrella of corporations.  Sam's Club d/b/a Sam's West Inc. is also a company under the umbrella of companies under Wal-Mart Stores, Inc. Plaintiff refers to all of these companies as "Wal-Mart."

## IV.
## FACTS

4.0.    Plaintiff began working for Wal-Mart on or about July 4, 2020. Plaintiff transferred to the Wal-Mart Distribution Center in Sanger, Texas around late August or early September 2021. All relevant matters complained of herein occurred there.

4.1.    Plaintiff is hispanic and was a forklift driver and trainer originally.  Plaintiff was a hard worker who took pride in his work.  Plaintiff out performed, based upon Wal-Mart's measurements, other employees routinely.

4.2.    On or about March 24, 2024, Plaintiff was physically hit in the face by another employee, Kendrick.  Plaintiff was struck very hard by Kendrick because Plaintiff complained to management about having to do extra work because Kendrick failed to accomplish a task appropriately.  Plaintiff was in much pain and his face was red and bruised.

4.3.    Despite being physically attacked by Kendrick, Plaintiff's managers took no meaningful action to discipline or reprimand Kendrick.

4.4.    In fact, Wal-Mart management continued to require Plaintiff to work side-by side next to Plaintiff.

4.5    When Plaintiff expressed his dissatisfaction, management began to retaliate against Plaintiff.  On one occasion, for example, Plaintiff was required to give up his forklift to Kendrick and Plaintiff instead was ordered to perform cleaning services.

4.6    Plaintiff began experiencing other unfair situations and treatment.  Plaintiff's performance numbers were altered making his production look less than it was and Plaintiff's production numbers were taken or given or placed on other employees' measurement statistics of production.

4.7    As the weeks transpired, Kendrick did not receive discipline, however, Plaintiff continued to experience unfair treatment.

4.8    Prior to being assaulted, Plaintiff's problems began in November of 2023 when Plaintiff spoke up for another hispanic employee that Plaintiff observed being taken advantage of. That Hispanic employee too was not getting the production credit he deserved and Plaintiff knew it and verified it by observing the production and seeing that despite the employee completing the work, he was not given credit on his production credit documentation.

4.9    On February 4, 2024, Plaintiff filed a complaint against his manager because since Plaintiff complained, he too was not getting the production credit for his work.  Plaintiff documented the evidence in support of his production numbers being sabotaged.  It appeared that the two Hispanic employees were being used by non-Hispanic employees who took their numbers to boost their own production numbers.  The employees taking the credit were non-Hispanic.  Plaintiff's complaint was closed without ever being told the outcome, findings or what the result of the complaint was.  This is unacceptable under Wal-Mart's own polices.

4.10   Plaintiff began being transferred from department to department with the Distribution Center, however, he was paid less than the amount he was supposed to be paid in at least one of the positions.  Plaintiff observed that he was being transferred unfairly and without discussion by management.

4.11   On or about March 23, 2024, Plaintiff complained about his work production not being accurately reported and where he was given zero percentage after working a full day. Plaintiff knew that it was impossible for this measure of his work to be a zero percentage and he complained.

4.12   It was the day after that Plaintiff was assaulted as stated above by Kendrick.  Tom Roach, Plaintiff's manager at that time took no meaningful corrective action.

4.13   On March 25, 2024, the day after the assault, Plaintiff was made to give up his forklift to Kendrick.  This was a retaliatory move and a clear slap in the face to Plaintiff. Kendrick and manager Roach were non-hispanic.

4.14   Plaintiff began to experience severe anxiety and depression over the situation. After delivering over 15 emails to the HR department over the unfair workplace treatment and receiving no fair process to air complaints, receiving no help, experiencing retaliation and humiliation, Plaintiff requested medical leave of absence.

4.15   During my employment, Plaintiff complained about disparate treatment and being held to different production standards than non-Hispanic employees.

4.16   On one occasion, in retaliation for complaining and because of being Hispanic, Plaintiff's weight limit on trailers was increased, exceeding federal law for weight to be loaded onto trailers.

4.17    Plaintiff was being required to load the trailer in violation of federal laws.  Plaintiff refused.

4.18    Plaintiff was fired while on his leave of absence taken because of the necessity due to the stress and pressures caused by the working environment, the retaliation and other items stated above,  Wal-Mart wrongfully failed to provide me with leave and fired me claiming attendance violations.

4.19    The date Plaintiff was fired was on or about March 30, 2024.

## V.
## CAUSES OF ACTION

5.0    Plaintiff incorporates the forgoing paragraphs as if set forth verbatim herein.

5.1    Plaintiff filed a Charge of Discrimination with the EEOC. The EEOC issued a Determination and Notice of Rights on December 30, 2024.  Plaintiff timely brought this suit.

**FMLA:**

5.2    This suit is brought in part for violation of the Family and Medical Leave Act of 1993, title 29 United States Code, sections 2601 *et seq.* Jurisdiction over the violation alleged is conferred by 29 U.S.C. § 2917(a)(2).

5.3    The plaintiff was employed with Wal-Mart from July 4, 2020   until March 30, 2024.

5.4    Defendant is engaged in commerce or an industry affecting commerce. Defendant regularly employs at least 50 employees at or within 75 miles of plaintiff's work site.

5.5    On or about March 23, 2024, plaintiff requested family or medical leave from defendant because of severe mental stress and anxiety and mental issues affecting Plaintiff's health and to seek medical attention.

5.6     Plaintiff sought leave due to serious health conditions that made plaintiff unable to perform the functions of the plaintiff's job.

5.7     On the date alleged in paragraph 8, plaintiff had been employed by the defendant for at least 1,250 hours during the previous 12-month period.

5.8     Defendant violated plaintiff's rights under the Family and Medical Leave Act because it terminated the plaintiff's employment on or about March 30, 2024 because of plaintiff's request.

5.9     Defendant also violated Plaintiff's right under the FMLA because defendant interfered with, restrained, and discriminated against plaintiff on or about

March 30, 2024, because of plaintiff's exercise of FMLA rights, specifically, Plaintiff incorporates the factual statements set out above.

5.10    Defendant knowingly, intentionally, and willfully violated plaintiff's rights.

5.11    Defendant created a hostile work environment because Plaintiff sought leave for his serious health conditions by placing unfair requirements on Plaintiff and forcing Plaintiff to work with Kendrick.

**DISCRIMINATION:**

5.12    Plaintiff timely filed an EEOC complaint and was granted a right to sue charge number 450-2024-06582 on December 30, 2025.

5.13    This racial and discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This lawsuit is brought pursuant to the "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a and The Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

5.14    Plaintiff is a Mexican and a resident of Texas. Plaintiff was employed with Wal-Mart.

5.15    During Plaintiff's employment Defendant created an environment which encouraged and fostered a hostile work environment for Plaintiff due to his race. Such conduct was ongoing, open, and notorious. Simply put, racial discrimination is deeply embedded in Defendant's distribution center. It is open, active, and unashamed. The harassment, abuse and discrimination are encouraged by management's refusal to stop the misbehavior.

5.16    Defendant was subjected to a stricter level of scrutiny than his similarly situated non-hispanic co-workers. Hispanics were repeatedly reprimanded and disciplined for relatively minor mistakes. The same behavior from similarly situated non-Hispanic employees was largely ignored even when discovered.

5.17    Plaintiff reported his concerns. Defendant failed to take effective remedial action in response to racially charged complaints. Instead, when Plaintiff complained, he was fired.

5.18    Wal-Mart is liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and discrimination but failed to take prompt and effective remedial action. Instead, it did just the opposite. It condoned, ratified and otherwise allowed the racially harassing and discriminatory behavior to continue.

5.19    As a result of the plaintiff's good faith complaints and opposition to race discrimination and racial harassment, the defendant retaliated against the plaintiff by subjecting him to stricter scrutiny than his co-workers, to demeaning and hostile treatment, to wholly unwarranted negative performance feedback, to being subjected to unwarranted discipline, to

being assigned weekend shifts and holidays, and, ultimately, his termination. Plaintiff was up for and should have received a promotion but was instead fired.

**ASSAULT & BATTERY:**

5.20    Kendrick assaulted Plaintiff in violation of the Texas Penal Code § 22.01, et seq. as he Intentionally, knowingly, or recklessly caused bodily injury to Plaintiff, intentionally or knowingly threatens Plaintiff with imminent bodily injury, and  intentionally or knowingly caused physical contact with Plaintiff when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

5.22    Plaintiff was injured in the assault.

5.23    Wal-Mart ratified the intentional actions of Kendrick making Wal-Mart liable for the assault.  Wal-Mart approved or accepted Kendrick's  misconduct.

5.24    Wal-Mart is liable through ratification of Kendrick's assault on Plaintiff meaning the they approved or accepted the employee's actions, either explicitly or implicitly.

5.25    Wal-Mart management is liable through ratification for failing to take disciplinary action against the employee, rewarding the employee for the behavior, and making statements that indicated approval of the employee's actions.

## VI.
## DAMAGES

6.0    Plaintiff incorporates the foregoing paragraphs as if set forth herein verbatim.

6.1    Plaintiff seeks the following damages:

a.    actual damages;

b.    humiliation;

c.    pain & suffering;

d.    mental anguish;

e.      loss wages;

f.      Damages under 29 U.S.C. § 2617(a)(1)(A) (i)(I) for any wages, salary,

employment benefits, or other compensation denied or lost because of defendant's wrongful

conduct;

g.      Interest under 29 U.S.C. § 2617(a)(1)(A)(ii);

h.      Liquidated (double) damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

i.      Such equitable relief under 29 U.S.C. § 2617(a)(1)(B) as may be appropriate;

j.      punitive damages.


## VII.
## JURY DEMAND

7.      Plaintiff demands a jury trial.

## PRAYER

Plaintiff prays for judgment as follows:

A.      Compensatory general and special damages in an amount according to proof at
        trial;
B.      Punitive damages as permitted by law; and
C.      Reasonable costs of suit as permitted by law.

a.    actual damages;

b.      humiliation;

c.      pain & suffering;

d.      mental anguish;

e.      loss wages;

f.      Damages under 29 U.S.C. § 2617(a)(1)(A) (i)(I) for any wages, salary,

employment benefits, or other compensation denied or lost because of defendant's wrongful

conduct;

g.     Interest under 29 U.S.C. § 2617(a)(1)(A)(ii);

h.     Liquidated (double) damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

i.     Such equitable relief under 29 U.S.C. § 2617(a)(1)(B) as may be appropriate;

j.     punitive damages.


Plaintiff prays for any and all other and further relief that is just and proper, to which he may be entitled.


DATED:  MArch 31, 2024

Respectfully submitted,

*Martha   Martinez*

_____
Plaintiff Pro Se

2212 Timberwood
Carrollton, Texas 75006
Tel: 469-724-2000
Email: Martinntz92@yahoo.com

*Martinmtz92@yahoo.com*