IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARTIN MARTINEZ** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:25-cv-00331-SDJ-AGD |
| **WAL-MART ASSOCIATES, INC.,** | § | |
| **WAL-MART STORES, INC.** and | § | |
| **SAM'S WEST, INC. d/b/a SAM'S CLUB** | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER
### AND BRIEF IN SUPPORT

TO THE UNITED STATES DISTRICT COURT JUDGE:

COME NOW Defendants Wal-Mart Associates, Inc., Wal-Mart Stores, Inc., and Sam's West, Inc. d/b/a Sam's Club (collectively "Defendants" and/or "Walmart") and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, file this Motion for Protective Order requesting the Court to issue the Protective Order submitted with this Motion and in support thereof would show the Court the following:

### I. INTRODUCTION

On March 31, 2025, *pro* se Plaintiff Martin Martinez ("Plaintiff" or "Mr. Martinez") filed his Original Complaint (Doc. No. 1) against Defendants, alleging discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended, and interference by Defendants with the exercise of Plaintiff's rights under the Family Medical Leave Act of 1993 ("FMLA"). Plaintiff also asserts a claim of assault and battery against him by a Walmart

associate in violation of Texas Penal Code Section 22.01, *et seq.* and alleges that Walmart ratified such action. On August 3, 2025, the Court issued a Scheduling Order (Doc. No. 20) controlling the disposition of this action. This case is currently in the discovery phase.

## II.  FACTS UPON WHICH THIS MOTION IS BASED

Since the filing of the Joint 26(f) Conference Report on July 31, 2025 (Doc. No. 17) (for which Plaintiff did not provide information until compelled to do so by Court order), Plaintiff has continued the course of conduct that was described in Defendants' Rule 26(f) Report (Doc. No. 14) filed on July 18, 2025; namely, he continues to send Defendants' Counsel, Nancy Waters, numerous incoherent and harassing emails, on almost a daily basis, that discuss matters unrelated to this case and many of which contain veiled threats, discussions about conspiracy, and issues wholly unrelated to his claims in the matter. For example, Mr. Martinez has made complaints about his old law firm in Arkansas, the EEOC, Walmart, the FBI, Lyft, the police, his stepmother who he claims is a terrorist and a member of a cartel, and the poisoning of his dogs (including sending graphic photos and videos). Mr. Martinez has insisted that he believes all of these organizations and numerous other unknown individuals are working for, or in conjunction with, Walmart and specifically, Nancy Waters, lead counsel for Defendants. Attached to this Motion as **Exhibit A** are relevant emails with Plaintiff that were attached to Defendants' Rule 26(f) Report filed on July 18, 2025 (Doc. No. 14-1).

Early in this litigation, Plaintiff sent an email stating that a sniper knew Ms. Waters' location and was on the rooftop of a building adjacent to her office building. It was this email that prompted Defendant's Counsel to take initial security precautions, which have now been

increased as Mr. Martinez's communications have become more and more disturbing and threatening. Attached as **Exhibit B** are additional relevant emails with Plaintiff since that time.

Particularly egregious among this group is an email dated September 27, 2025, from Plaintiff to one of Defendants' Counsel's staff and Nancy Waters, which is completely unrelated to any issue in this lawsuit and includes, among other things, threatening texts to Plaintiff from an individual who identifies himself as the "boss and representative of all the prostitutes." ***This email also contains numerous extremely graphic real images of an apparently deceased male who has been cut with a knife and had his neck cut open.*** *See* Exhibit B, Bates Nos. PL000187-PL000192. Due to serious ongoing safety concerns, Plaintiff has been trespassed from the building where Counsel's office is located, and Counsel has had to reach out to the authorities and utilize other resources.[1] Against Defendants' Counsel's instructions, Plaintiff has also continued to directly email individuals at Walmart, including the same graphic and violent photos.

Although Plaintiff instituted this action in a *pro se* capacity, he nevertheless has an obligation to observe and adhere to the relevant statutes and the procedural rules pertaining to this case. Counsel for Defendants has been highly professional even after receiving repulsive harassing and threatening emails and has attempted to engage in communications regarding matters relevant to this lawsuit. However, Plaintiff refuses to discuss coherently with Defendants' Counsel any issue regarding this case. At this time, Plaintiff's deposition has been noticed for December 2, 2025, and mediation dates in January and February have been proposed

---

[1] Defendants' Counsel has taken more significant security precautions; however, authorities have recommended that information not be shared in a public record.

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT– Page 3**

by Counsel. However, Plaintiff has indicated that he does not want to appear for his deposition. Additionally, Plaintiff appears to be particularly agitated regarding the dates outlined in this Court's Scheduling Order and that Counsel will not agree to mediate prior to completing his deposition. In an effort to alleviate the continued harassing emails from Plaintiff regarding mediation, Defendants filed a Motion requesting this Court to appoint a mediator, which is pending.

### III.  ARGUMENT AND AUTHORITIES

Fed. R. Civ. Pro. 26(c) provides that the court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," which may result from harassing and threatening conduct, including repeated irrelevant and offensive communications, such as emails (*see* Exhibits A and B), and threatening behavior directed at a party or a party's attorneys or family members. While most protective orders under Fed. R. Civ. P. 26(c) address discovery, courts have used their inherent authority to protect against other forms of harassment related to the litigation. *See, e.g., Erickson v. Newmar Corp.*, 87 F.3d 298 (9th Cir. 1996). A court can limit the time, place, and manner of communications between parties, particularly when one party's conduct amounts to harassment, and prevent a party from personally contacting another party.

The Fifth Circuit has explained: "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *United States v. Garrett*, 571

F.2d 1323, 1326 n.3 (5th Cir. 1978); see also *In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam).

Defendants submit that good cause exists for the issuance of a Protective Order in this case. The harassing and threatening behavior of *pro se* Plaintiff towards Defendants' Counsel and her staff, as evidenced by the communications attached hereto as Exhibits A and B, constitutes annoyance and oppression under Fed. R. Civ. Pro. 26(c). These communications also create an undue burden and expense occasioned by the need to respond to Plaintiff's unsolicited irrelevant and incoherent emails that are entirely unrelated to any issue in this case and continue to have to work with outside security/law enforcement authorities.

Consequently, Defendants request the Court to issue the Protective Order submitted with this Motion, limiting Plaintiff's contact only to Nancy Waters, and not any other members of her firm or any associates who work at Walmart.[2] Additionally, Defendants request that Plaintiff be limited to sending no more than two (2) emails per week and that the content of any such email must <u>only</u> include information or attached documents directly relevant to the time period when Plaintiff was employed with Walmart and the claims that Plaintiff has asserted in this matter (race discrimination, interference with his rights under FMLA, and assault and battery). Further, email communications from Plaintiff should not contain any threats, accusations of conspiracy or discussion of matters that have occurred since Plaintiff's employment was terminated (other than information regarding employment since leaving Walmart and/or any medical treatment relevant

---

[2] There will be very limited emails that include electronic document production that must be sent by an administrator at Counsel's firm; however, should Plaintiff have any questions regarding the production he should direct those questions only to Nancy Waters, lead counsel.

**<u>DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT</u>– Page 5**

to damages). Finally, Defendants request that Plaintiff be prohibited from sending any emails, audio or documents that contain graphic depictions or descriptions.

### IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court issue the Protective Order submitted with this Motion, and for such other and further relief, general and special, at law or in equity to which Defendants may show themselves entitled.

Respectfully submitted,

/s/ Nancy L. Waters
NANCY L. WATERS
State Bar No. 00787352
nwaters@gpd.com
JAMES N. ZOYS
State Bar No. 24028155
jzoys@gpd.com
GEARY, PORTER & DONOVAN, P.C.
16475 Dallas, Parkway, Suite 400
Addison, Texas 75001-6837
(972) 931-9901
(972) 931-9208 (Fax)

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon *Pro Se* Plaintiff pursuant to the Federal Rules of Civil Procedure on this, the 13th day of October 2025, as follows:

Martin Martinez
2212 Timberwood
Carrollton, Texas 75006
Martinmtz92@yahoo.com

/s/ Nancy L. Waters
NANCY L. WATERS

**CERTIFICATE OF CONFERENCE**

Although the "meet and confer" and "Certificate of Conference" requirements of the Local Rules of the Eastern District of Texas are not applicable to *pro* se litigants, FRCP 26(c) specifically requires a certificate of conference. Notwithstanding this requirement, Defendants' Counsel has not attempted to confer with *pro se* Plaintiff, Martin Martinez, regarding this Motion as Defendants' Counsel believes that any attempt to do so would be futile as evidenced by the conduct exhibited by *pro* se Plaintiff in the emails attached as Exhibits A and B to this Motion. Thus, Defendants state that *pro* se Plaintiff is opposed to the relief sought by this Motion.

/s/ Nancy L. Waters
NANCY L. WATERS