## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **MARTIN MARTINEZ** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00331-SDJ-BD** |
| | § | |
| **WALMART ASSOCIATES INC.,** *et al.* | § | |

### ORDER

Defendants Walmart Associates Inc.; Wal-Mart Stores, Inc.; and Sam's West Inc. moved for a protective order limiting plaintiff Martin Martinez's contact with them, their employees, and their attorneys. Dkt. 29. The motion will be granted in part.

### BACKGROUND

Martinez sued the defendants, who are represented by attorney Nancy Waters. Dkt. 11 at 13. Waters reached out to Martinez to confer on preparation of a Rule 26(f) report, but Martinez refused to cooperate with her and instead sent Waters a series of verbose and vaguely threatening emails. *See* Dkt. 14. After the court ordered him to participate, Martinez coordinated with Waters to prepare a Rule 26(f) report. Dkts. 16 (order), 17 (joint Rule 26(f) report).

The defendants now move for a protective order, asserting that Martinez has sent them and their attorneys increasingly harassing and inappropriate emails. Dkt. 29. Martinez did not respond. *See* Loc. R. CV-7(d) ("A party's failure to [respond] creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

### LAW

Courts have inherent authority to regulate the conduct of those who appear before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). They have discretion to craft appropriate sanctions for abusive conduct. *Id.* at 44–45. That power may prohibit a party from contacting certain people if the need for a prohibition outweighs the interference with the party's rights. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981) (prohibiting defendants from contacting

potential class members); *United States v. Morris*, 259 F.3d 894, 901 (7th Cir. 2001) (prohibiting a criminal defendant from contacting his victim). Limits on a party's communications should be based on specific findings. *Gulf Oil*, 452 U.S. at 101. If a party sends intimidating and harassing communications to his or her opponent without a legitimate litigation purpose, a no-contact order is justified. *See Castillo v. Hernandez*, No. EP-10-cv-247-KC, 2011 WL 1528762, at *2 (W.D. Tex. Apr. 20, 2011).

### DISCUSSION

The exhibits attached to the defendants' motion show that Martinez's conduct is intimidating and escalating. They suggest that Martinez believes that certain people, criminal organizations, and the government are involved in a conspiracy with the defendants to oppress and even kill him. They further suggest a belief that Waters is a central figure in that conspiracy. Waters has instructed Martinez not to contact members of her firm or her clients, but Martinez continues to do so.

According to the motion, Martinez has sent Waters and members of her firm "numerous incoherent and harassing emails, on almost a daily basis, that discuss matters unrelated to this case and many of which contain veiled threats, discussions about conspiracy, and issues wholly unrelated to his claims in the matter." Dkt. 29 at 2.

In emails, Martinez insinuated a connection between the defendants and drug cartels, stating that he fears for his life because of the "overwhelming unavoidable influence of" the defendants. Dkt. 29-1 at 9. He stated that those around him are "working in Walmart['s] benefit," *id.* at 11, and accused the defendants of "acting whether directly or indirectly in favor of [his] stepmom," who he says is also affiliated with drug cartels, *id.* at 15. He stated that the defendants are "a threat to [his] existence." *Id.* at 17.

That professed belief led Martinez to state to Waters and members of her firm: "He apparently would find interested in the same city as your firm choosing to relocate. When I joked about Ms. Waters being in the adjacent building rooftop holding a sniper, he would mention a street to where

2

you would be. I'm concerned on how he knows so much. Shouldn't you?" *Id.* at 17 (cleaned up). In the same email, Martinez wrote: "I get killed or someone goes to jail." *Id.*

On another occasion, in an email with the subject line "Investigation of Nancy L [W]aters," he wrote: "I believe you are associated with certain individuals in the Richardson area. One has a murder attempt possibly two. . . . Those individuals are responsible for distributing the day rape drug." Dkt. 29-2 at 26.

Martinez sent Waters screenshots of a social-media post about a missing person, telling her that "[i]t relates to your client." *Id.* at 52–54 (translated from Spanish), 55. He sent a staff member at Waters's firm multiple graphic photographs of dead bodies with their throats slit. *Id.* at 70–75. When Waters told Martinez that, if he did not cooperate with preparing a discovery-planning report, she would have to file one without him, he told her: "Don't dare not include not being aware about my situation when conversation took place." Dkt. 29-1. at 24. For reasons the defendants do not explain, the Addison police department warned Martinez that he will be arrested if he goes to Waters's office. Dkt. 29-2 at 2–3.

Waters has asked Martinez to refrain from communicating with anyone else in her firm, but that request has not been honored. *Id.* at 92–93. In at least one instance, he emailed Wal-Mart directly, *see* Dkt. 29-1 at 17, 20, prompting Waters to ask that he contact only her, *id.* at 16.

Waters and other members of her firm are justified in feeling threatened by Martinez's communications and conduct. The firm has already increased security measures and contacted law enforcement. Dkt. 29 at 3, 5. The fact that Martinez is pro se in no way excuses him from exercising the respect and decorum expected of litigants. *See Kaswatuka v. DHS*, 7 F.4th 327, 331 (5th Cir. 2021) ("[A] pro se party is in no way exempted from compliance with the relevant rules of procedure."); *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (pro se parties are subject to sanctions for "harass[ing] others, clog[ging] the judicial machinery with meritless litigation, and abus[ing] already overloaded court dockets"). Waters has not been able to resolve the situation, and Martinez's conduct appears to be escalating. Court intervention is necessary to protect the defendants and their attorneys from harassment and intimidation.

The defendants requested seven categories of relief, asking that Martinez be prohibited from: (1) contacting anyone at Waters's firm but her; (2) contacting any Wal-Mart associate; (3) sending more than two email messages to Waters per week; (4) sending Waters threats, accusations of conspiracy, or discussion of events that occurred after he was terminated; (5) sending graphic images to Waters; (6) harassing or threatening Waters or her firm; and (7) entering the offices of Waters's firm without permission. *See* Dkt. 29-3 (proposed order).

The court must narrowly tailor its order to minimize interference with Martinez's rights. *Gulf Oil*, 452 U.S. at 102. This order does so.

## CONCLUSION

It is **ORDERED** that the defendants' motion for a protective order, Dkt. 29, is **GRANTED IN PART**, such that Martinez may not:

a) contact or attempt to contact or communicate with any member or employee of Geary, Porter & Donovan, PC, other than Nancy Waters;

b) contact or attempt to contact or communicate with any employee or agent of any defendant who is involved in or connected to his claims, except with Waters's consent;

c) send any email message to Waters that contains content unrelated to this case;

d) send harassing or threatening messages to Waters or her firm, either directly or indirectly; or

e) enter the premises of Geary, Porter & Donovan, PC, in Addison, Texas, except with the knowledge and specific permission of Waters and for a purpose related to this case.

So **ORDERED** and **SIGNED** this 13th day of November, 2025.

_____
Bill Davis
United States Magistrate Judge